## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kenneth Frazier,                                  Case No. 0:19-cv-02851 (KMM/DTS)

                    Plaintiff,

v.
                                                  **ORDER**

Hy-Vee, Inc.,

                    Defendant.

## I.   INTRODUCTION

Plaintiff Kenneth Frazier brought this case against Defendant Hy-Vee, Inc., for employment discrimination based on age and race, under Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act, the Federal Equal Pay Act, § 1981, and the Minnesota Human Rights Act ("MHRA"). Before the Court is Defendant Hy-Vee, Inc.'s motion for summary judgment.[1] Hy-Vee's motion is GRANTED IN PART and DENIED IN PART.

## II.   BACKGROUND[2]

Mr. Frazier is a 62-year-old African American man. [Deposition of Kenneth Frazier 5:1, ECF No. 39-1]. He graduated from Fox Valley Technical School with a

---

[1] At argument, counsel for Defendant stipulated that they were no longer asserting that Mr. Frazier's Complaint was not timely as a basis for summary judgment. In addition, Mr. Frazier has conceded Counts III and VI, and all retaliation claims, raised under any of the statutes upon which he relies. Therefore the Court does not analyze those claims.

[2] Hy-Vee cites the declaration of David Carroll in its briefing, but it was not included as an exhibit before the Court. The Court will not consider statements purporting to come from this declaration.

certificate in Flexology in 1992. [*Id.* 7:6–7]. A man of many trades, Mr. Frazier has been a press-operator, locomotive engineer, handyman, painter, and the owner and operator of a food truck, Big Brother Almighty Smoked BBQ. [*Id.* 7:19–20, 9:17–18, 14:5–23].

In 2014, Mr. Frazier entered Le Cordon Bleu Culinary Institute in Mendota Heights, Minnesota, where he learned food safety and preparation. [*Id.* 16:4–7]. He graduated with honors in December 2015, and received a certificate. [*Id.* 17: 16–22]. In addition, he is a certified Food Manager as recognized by the Minnesota Department of Health and a National Environmental Health Association Certified Food Manager. [Pl. Interrogatories, ECF No. 34-2, at 6.]

Hy-Vee recruited Mr. Frazier through Le Cordon Bleu's externship program. After a successful interview and a trial-run in the Hy-Vee kitchens, Hy-Vee hired Mr. Frazier as a part-time line cook. [Frazier Dep. 19:1–3]. According to Mr. Frazier, Hy-Vee recruited him in a manner that made him hope to "become a sous chef or a chef" at Hy-Vee. [*Id.* 24:1–6]. Mr. Frazier was 56 at the time.

Mr. Frazier worked at Hy-Vee from September 3, 2015, to January 3, 2020. Several events during his tenure are relevant to this action.

From September 3, 2015, to January 14, 2016, Mr. Frazier worked as a part-time line cook at the Market Grille department at Hy-Vee. [*Id.* 31:20–32:11]. However, in December 2015, Mr. Frazier's hours were "deleted" from the Market Grille.

In January 2016, Mr. Frazier was transferred to the Italian Express Department to work as a part-time clerk. He requested a promotion to full-time employment a few months later, but this was rejected by his supervisor, Julio Arroyo. [*Id.*].

2

Later that same month, a cook in Italian Express Department, Ms. Tam, left her position. The parties disagree about what occurred next, and Mr. Frazier himself has testified as to two possibilities in his deposition. He first theorized that Julio Arroyo and his brother, Uriel Arroyo, split Ms. Tam's hours. [Frazier Dep. 60:24].[3] Later in his deposition, he testified that Uriel was promoted into Ms. Tam's position. [*Id.* 62:8–13]. According to Mr. Frazier, after Uriel received Ms. Tam's hours, Uriel became a full-time cook, despite having less seniority and experience at Hy-Vee. [*Id.*]. Mr. Frazier reached this conclusion because he saw both that Mr. Uriel was happier and that he received full-time hours on a time sheet. [*Id.* 61:1–63:25].

According to Hy-Vee, Uriel Arroyo did not replace Ms. Tam. Julio Arroyo testified that Uriel was hired before Ms. Tam left. Julio explained that Hy-Vee hired Uriel as a cook in the Italian Express Department, which was the same position that Ms. Tam held. Julio also testified that Ms. Tam did not leave until people were hired to take her position. [Arroyo Dep. 32:11–25, ECF No. 34–3]. Scott Ware was a Hy-Vee human resources manager at the time Uriel was hired. Mr. Ware similarly recalled that Ms. Tam did not leave until Hy-Vee filled her position. [Ware Dep. 17:24–25, ECF No. 34–4].

On April 5, 2017, Mr. Frazier wrote a letter to Tony Taylor, the Store Manager, about Uriel's alleged promotion and raise. [Frazier Dep. 65:9–13]. On April 12th, he filed his first claim with both the EEOC and the Minnesota Department of Human Rights.

---

[3] Because Julio Arroyo and Uriel Arroyo share the same last name, the Court refers to them by their first names.

To receive more hours, Mr. Frazier began working as a part-time Sushi Clerk in April 2017, in addition to his work at the Italian Express Department. Around six or seven months into his work, he requested a promotion to sushi chef, but was told that there were no positions available. [Frazier Dep. 119:1–25]. However, he alleges that there was actually an opening for a chef and that they hired an "Asian" man from outside of Hy-Vee. [*Id.* 124:6–12:]. Mr. Frazier explains that this individual was brought in to replace his own job. [*Id.* 125:16–25]. On June 24, 2018, Mr. Frazier received a full-time position in the meat department.

On February 24, 2019, Mr. Frazier again wrote to the EEOC to report intentional discrimination due to wage inequality and failure to promote. [*Id.* 147:4–9].

On May 17, 2019, he was promoted to Meat Specialist. [*Id.* 127:24–25]. On July 5, 2019, Mr. Frazier applied online to the position of assistant manager in the meat department. [*Id.* 134:4–25]. Hy-Vee did not interview Mr. Frazier for that job and filled the position with someone else. Jay Sicone, from Hy-Vee's human resources department, called Mr. Frazier to tell him that he did not get the job, and that it had gone to Mr. Frazier's Latino coworker, Julius Herd. [*Id.* 134:4–11]. Mr. Frazier did not know Mr. Herd before he got this position, and he did not know anything about his qualifications. Mr. Frazier filed this lawsuit on November 7, 2019, solely alleging Title VII race discrimination due to failure to promote. [Compl., ECF No. 1].

On December 2, 2019, Mr. Frazier had just purchased items from the Hy-Vee store where he worked and was asked by an assistant manager to show his receipt for those purchases. Chef Rebecca, a white woman in her mid-40s, had monitored him

making his purchases and spoken with the assistant manager. Similar incidents occurred for Mr. Frazier three other times, but this was not common and did not happen to other employees. [*See* Frazier Dep. 161–162]. His coworkers told him that every time he left the meat department, Chef Rebecca followed him. [*Id.* 164:8–9]. In one incident, she came so close while she was watching him that Mr. Frazier could "feel her breathing on the back of [his] neck. [*Id.* 175:15–17].

Hy-Vee terminated Mr. Frazier's employment on January 9, 2020 for breaking company policies. According to Hy-Vee, this was because he put extra crab legs in a bag to give to Rhya Moore, an employee at Hy-Vee, after weighing the bag and setting the price. [Termination Report, ECF No. 34-7; Frazier Dep. 167:15–22]. However, according to Mr. Frazier, the employee came in looking for buy-one get-one crab knuckles, and when he informed her that there were none, she told him that another employee had told her that she could have buy-one-get-one crab legs instead. Mr. Frazier did not work in the seafood department at this time and did not ask another employee about the sale, [Frazier Dep. 167:1–168:25], but since he was the assistant meat manager at this time, and no one was present in the seafood department, he was considered acting seafood manager. [Ware Dep. 51]. Mr. Frazier said that his experience in the meat department suggested that such discounts could be given to customers. [Frazier Dep. 169:2–7]. However, there was no discount on the crab legs. [*Id.* 170:23–171:7]. Mr. Ware acknowledged that Hy-Vee has no specific policy stating that employees should not give unauthorized discounts, and its employee handbook reflects none. [Ware Dep. 49–50].

Mr. Frazier submitted a second claim to the EEOC on January 16, 2020, and received a right to sue letter on January 23, 2020. [ECF No. 10, ¶¶ 8–9]. After receiving counsel through the Pro Se Project,[4] Mr. Frazier amended his complaint on March 25, 2020, to add actions under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, the Minnesota Human Rights Act ("MHRA"), and the Federal Equal Pay Act.

## III.   DISCUSSION

Mr. Frazier brings claims for employment discrimination under four statutes: Title VII, the ADEA, MHRA, and § 1981. He argues that by failing to promote him on several occasions, Hy-Vee discriminated against him on the basis of age and race.[5] Hy-Vee has moved for summary judgment on all claims.

### A.   Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

---

[4] The Court thanks Michael Fondungallah for volunteering to represent Mr. Frazier through the Federal Bar Association's Pro Se Project.

[5] There is substantial discussion in the briefing about the circumstances surrounding Mr. Frazier's termination on January 9, 2020. Mr. Frazier does not raise any independent claim alleging wrongful termination. It appears from the briefing, however, that the parties treated the circumstances of his termination as relevant to his retaliation and reprisal claims, suggested in his Fourth Cause of Action under § 1981 and alleged in his Sixth Cause of Action for reprisal under the MHRA. [Second Am. Compl. ¶¶ 45–47 (§ 1981); ¶¶ 55–57]. However, because those claims were conceded during oral argument, the Court addresses neither the circumstances of his termination nor any issues related to retaliation.

Civ. P. 56(a). There is no genuine dispute when no reasonable jury could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a court's assessment of the evidence before it on summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Anderson*, 477 U.S. at 255).

If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is appropriately granted against them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence in support of [its] position." *Anderson*, 477 U.S. at 252. Even if the plaintiff predominantly relies on his own testimony to establish the factual circumstances surrounding his claims, the "self-serving nature of affidavits, interrogatory answers, or deposition testimony" does not make his evidence "inherently infirm." *Stewart v. Rise, Inc.*, 791 F.3d 849, 860 (8th Cir. 2015).

**B.**     **Statutes of Limitations**

As a preliminary matter, Hy-Vee argues that Mr. Frazier failed to timely file an

EEOC application about the discriminatory acts alleged in 2015.[6] Each statute under

which Mr. Frazier filed a claim has its own statutory limitations period: four years for 42

U.S.C. § 1981; one year for MHRA; 300 days for Title VII in Minnesota;[7] and 300 days

for the ADEA. "Each discrete discriminatory act starts a new clock for filing charges

alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

Plaintiffs who do not file a claim within that time period, they "lose the ability to recover

for it." *Id.*

Mr. Frazier's failure-to-promote allegations fall into the classification of "discrete

acts." *Id.* at 114 ("[T]ermination, failure to promote, denial of transfer, or refusal to hire"

are all considered separately actionable "discrete acts" regardless of whether they are

repeated). Accordingly, the Court may not consider his Title VII, ADEA, and MHRA

claims arising out of incidents in December 2015, as they are time-barred for occurring

more than 365 days before his filings with the EEOC and Minnesota Department of

Human Rights in April 2017. Hy-Vee is entitled to summary judgment on such claims.

Mr. Frazier's 2017 and 2019 claims, however, are timely.

---

[6] Hy-Vee also argued that Mr. Frazier's Title VII claim was untimely because too much time had passed between his receipt of a right to sue letter from the EEOC and the filing of his Complaint. [Def. Mem. at 18, ECF No. 32]. However, in response to Mr. Frazier's argument about the proper calculation of the ninety-day deadline in question, [Opp'n at 8, ECF No. 38], counsel for Hy-Vee conceded this point during oral argument.

[7] The Title VII statutory period to file a claim is 300 days in "a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice," such as the Minnesota Department of Human Rights. *Morgan*, 536 U.S. at 109. For states without such an agency, the statutory time period is 180 days. *Id.*

### C.     Discrimination Claims

Mr. Frazier alleges that Hy-Vee's actions amount to race and age discrimination under Title VII. As an initial matter, the Court notes that Title VII does not include age discrimination.[8] Therefore, Hy-Vee is entitled to summary judgment on the age discrimination claims included in Count I of the Amended Complaint.

Although Mr. Frazier brings different claims under each statute, the framework for analyzing his discrimination claims is essentially the same. *Beasley v. Warren Unilube, Inc.*, 933 F.3d 932, 936 n.2 (8th Cir. 2019) (finding that the analysis is the same for Title VII claims and § 1981 claims); *McKey v. U.S. Bank Nat'l Ass'n*, 978 F.3d 594, 598 (8th Cir. 2020) (applying this framework to ADEA claims and MHRA claims).[9] Hy-Vee also argues that Mr. Frazier has not met his burden to show that these incidents would not have happened "but-for" age discrimination, as required by the ADEA and MHRA prohibitions against such discrimination. *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011) (requiring the plaintiff to show that age was the "but-for" cause for discrimination, and applying the same standard to claims brought under the MHRA).

A plaintiff in an employment-discrimination case may survive summary judgment either through proffering direct evidence of discrimination, or by "creating the requisite

---

[8] Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)–2.

[9] The Eighth Circuit has stated that it is "unclear" whether the *McDonnell Douglas* framework "technically" applies to the ADEA "because the ADEA has a 'but-for' causation standard rather than the mixed motives standard used in other statutes." *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019). However, "plaintiff who fails to meet the lower standard of Title VII . . . necessarily fails to meet the ADEA's standard as well." *Id.* As Mr. Frazier's claims under the ADEA all fail to meet the lower Title VII standard, *McDonnell Douglas* framework remains useful in this case.

inference of unlawful discrimination through the *McDonnell Douglas* analysis." *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir. 2004). As Mr. Frazier has not offered direct evidence of discrimination, the Court applies *McDonnell Douglas* to his claims.

The *McDonnell Douglas* framework places the initial burden of persuasion and production on a plaintiff to prove his prima facie case. He must show: "(1) membership in a protected group; (2) [he] was qualified to perform the job; (3) [he] suffered an adverse employment action; and (4) circumstances sufficient to permit an inference of discrimination." *Walker v. First Care Mgmt. Grp., LLC*, 27 F.4th 600, 604–05 (8th Cir. 2022). An adverse employment action is "a material employment disadvantage, such as a change in salary, benefits, or responsibilities." *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 992 (8th Cir. 2003). Incidents such as "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" are adverse employment actions. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). "[M]inor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." *Id.*

For failure-to-promote actions, a plaintiff can meet the second prong under *McDonnell Douglas* by showing that he applied to a position and that he was qualified for it. He can satisfy the third prong of an "adverse employment action" by showing that he was rejected. *Marzec v. Marsh*, 990 F.2d 393, 396 (8th Cir. 1993). Finally, for the fourth prong, he need only show that a similarly-situated person who is outside of his

protected groups (here, a non-African American or younger person) received the promotion. *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 856 (8th Cir. 2003).

Plaintiffs need not have formally applied for a job opening if "the job opening was not officially posted or advertised and either (1) the plaintiff had no knowledge of the job from other sources until it was filled, or (2) the employer was aware of the plaintiff's interest in the job notwithstanding the plaintiff's failure to make a formal application." *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1217 (8th Cir. 1990). Employees have knowledge of open positions if they are aware of a place that the employer consistently posts job openings. *See Norris v. Kohler Co.*, No. 4:18-CV-00337-KGB, 2020 WL 6438288, at *8 (E.D. Ark. Nov. 2, 2020), *aff'd*, No. 20-3503, 2021 WL 5176652 (8th Cir. Nov. 8, 2021) (finding knowledge when the plaintiff knew that the company was "posting open positions for at least seven days on bulletin boards in the plant."). Expression of a general desire for promotion to a manager or supervisor is sufficient to show that an employer is aware of a plaintiff's interest in a promotion. *See, e.g.*, *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 568 (8th Cir.1982) (finding that bank employee's expression of general desire for promotion was a sufficient application when no vacancy was posted and plaintiff did not know of opening until it was filled); *cf. Chambers*, 909 F.2d at 1217 (plaintiff expressing interest almost a decade before the job was posted to a manager who no longer worked at the institution was insufficient to meet this standard); *Mustafa v. United Auto Grp.*, No. 4:03CV00304, 2005 WL 1923107, at *6 (E.D. Ark. July 19, 2005) (raising hand in sales meeting when asked who is interested in a promotion, as well as raising the issue twice more in other years, is sufficient to raise a

genuine issue of material fact if an employer was on notice). However, the plaintiff must make "every reasonable attempt to convey [their] interest in the job to the employer." *E.E.O.C. v. Audrain Health Care, Inc.*, 756 F.3d 1083, 1087 (8th Cir. 2014). A plaintiff who, for example, only has one conversation with their employer, may be unable to meet this burden. *Id.*

### 1. Prima Facie Case

Hy-Vee contends that Mr. Frazier has failed to meet his initial burden under *McDonnell Douglas* for his failure to promote claims related to incidents in March 2017, May 2017, and July 2019. The Court agrees that Mr. Frazier has failed make a prima facie case of discrimination with respect to the alleged failures to promote in 2017. However, viewing the facts in the light most favorable to Mr. Frazier, he has met his initial burden for his claim of failure to promote from July 2019.

Mr. Frazier's prima facie case for the March 2017 incident fails on the second prong. A plaintiff must show that there was "a position to which the complaining party may be promoted." *AuBuchon v. Geithner*, 743 F.3d 638, 643 (8th Cir. 2014). If there is no position available at the time that a plaintiff asks for a promotion, there is no adverse action in not promoting them. *Id.*

No reasonable juror could find that a position existed for which Mr. Frazier could apply in March 2017. His deposition testimony establishes that Hy-Vee redistributed Ms. Tam's hours, not that it promoted Uriel Arroyo into her position. Nor did Mr. Frazier provide any evidence of a job posting for the position. Contrary to Mr. Frazier's assertion

that a position was available, Hy-Vee has proffered evidence that Uriel Arroyo already held the same position as Ms. Tam before her departure.[10]

Similar issues plague Mr. Frazier's allegations about the denial of a promotion to sushi chef in the fall of 2017. Mr. Frazier asked his then-supervisor, Ms. Ping, for a promotion to the position of sushi chef, and she told him there was no opening. Mr. Frazier has not provided any evidence that this position existed, and additionally stated in his declaration that an individual ostensibly hired for this position filled his own job when he transferred to a new department, not that they were promoted above him. [Frazier Dep. 119–120.]

In contrast, the Court concludes that Mr. Frazier has met his prima facie burden with respect to Hy-Vee's failure to promote him to assistant manager of the meat department in July 2019. Mr. Frazier applied online to be assistant manager in the meat department and obtained confirmation that the application was received. [Frazier Dep. 136]. Hy-Vee conceded at the hearing on its summary judgment motion that Mr. Frazier was qualified for that position. Ultimately, the position was offered to a different co-worker, Julius Herd, who Mr. Frazier alleges is Latino, an individual outside of Mr. Frazier's protected class. Therefore, for race discrimination, Mr. Frazier proven his prima facie case. However, Mr. Frazier provides no evidence that Mr. Herd is outside of his

---

[10] The Court is not suggesting that failure to provide additional hours to one employee and giving them to another could never give rise to a failure-to-promote claim. But here, since Hy-Vee established that Uriel already had full-time hours, Mr. Frazier has not shown how a larger number of hours would equate to a promotion.

protected class with respect to his age-discrimination claim, and he therefore fails to meet the fourth prong of his prima facie case as to that claim.

Hy-Vee argues that Mr. Frazier failed to make his prima facie case in two ways, but neither of those arguments are supported by the law. [Def. Mem. at 22–23]. Hy-Vee first suggests that, because Mr. Herd is Latino and "also in a protected class," Mr. Frazier cannot satisfy the fourth prong of the prima facie case. In employment discrimination lawsuits, "protected class" is a term of art describing a group that is protected under each statute, not to describe broadly historically excluded or marginalized groups. Title VII's protected classes are race, color, religion, sex and national origin. Mr. Frazier only needs to show that Hy-Vee filled the position with a person "not in the *same* protected class;" here, any person who was not African American. *Torgerson*, 643 F.3d at 1046 (emphasis added). Hy-Vee has not shown that Mr. Herd is in the same protected class as Mr. Frazier, therefore, Mr. Frazier has satisfied the fourth prong of the prima facie case.

Next, Hy-Vee argues that Mr. Frazier cannot make his prima facie case because he "knows nothing about Mr. Herd's qualifications for the position." This argument also misunderstands the standard. Mr. Frazier need only to show that he is qualified for the position, a fact counsel for Hy-Vee conceded at argument. At this stage he is not required to show that he is more qualified that the person hired. *See Netterville v. State of Mo.*, 800 F.2d 798, 802 (8th Cir. 1986) ("[I]t is not necessary that [Plaintiff] be the most qualified person for the promotion; it is only necessary that [they] have the minimum requirements for the position.")

## 2. Pretext

14

Because Mr. Frazier has established a prima facie case with respect to his July 2019 failure-to-promote race-discrimination claim, the burden of production shifts to the defendant to provide a "legitimate, non-discriminatory justification" for its adverse employment action. *Burdine*, 450 U.S. at 255.[11] "The defendant need not persuade the court that it was actually motivated by the proffered reasons." *Id.* at 254. However, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection," which must be "legally sufficient to justify a judgment for the defendant." *Id.* at 255. "If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." *Id.* at 254. Should the employer make this showing, the burden shifts back to the plaintiff to show that this justification is merely pretext for discrimination. *Id.*

Hy-Vee has failed to provide any legitimate, non-discriminatory reason for its conduct in any of the above incidents. Indeed, Hy-Vee failed to submit a Reply Memorandum responding to any of Mr. Frazier's arguments. Because Mr. Frazier has met his prima facie elements for race discrimination for the July 2019 failure-to-promote claim, and Hy-Vee has not met its burden of offering *any reason* for the failure to promote him and the decision to hire someone else, let alone a "legitimate, non-discriminatory" one, the burden does not shift back to Mr. Frazier. Summary judgment is

---

[11] The burden of persuasion "remains at all times with the plaintiff." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981).

inappropriate because, on this record, a reasonable juror could find that Hy-Vee has discriminated against Mr. Frazier.

## IV.   CONCLUSION

Based on the foregoing, Defendant Hy-Vee's Motion for Summary Judgment is **DENIED** with respect to Mr. Frazier's race-based failure-to-promote claims for the July 2019 incident in Counts I, IV, and V. Hy-Vee's motion is **GRANTED** with respect to all of the remaining claims in the Amended Complaint.

Date: September 2, 2022

 *s/Katherine Menendez*
Katherine Menendez
United States District Judge